# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TRACY SHERMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **2:06-CV-100-VEH** |
| MICHAEL DEE WORCESTER, ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Before the court is Defendant's, Chavis Bauer, Motion for Summary Judgment (doc. 18).  Plaintiff, Tracy Sherman, has not filed a response to the instant motion.  For the reasons articulated herein, Defendant's Motion for Summary Judgment is due to be **GRANTED**.

## Facts and Procedural History

On January 17, 2004, Sherman, a Florida resident, was injured while traveling as a passenger in a 2000 Geo Metro ("car") that was being operated by Worcester, who is an Alabama resident.  (Compl., ¶ 3; Bauer Affidavit, ¶ 2).  The accident took place in Shelby County, Alabama.  (Compl., ¶ 3).

On the date of the accident, the car was owned by Chris Bauer.  (Bauer

Affidavit, ¶ 2). In 2002, Bauer loaned the car to his sister, Brandy Johnson,[1] who "made payments on it" from that time until the date of the accident. (Bauer Affidavit, ¶ 3). On several occasions during the time in which the car was in Johnson's possession, Bauer told her that no one other than she had his permission to drive the car. (Bauer Affidavit, ¶ 4). On one occasion, Bauer specifically told Johnson that Worcester did not have permission to drive the car. (*Id*.) Sherman never heard Bauer give Worcester permission to drive the car. (Sherman Deposition, p. 31, lines 19-22, p. 34, lines 1-3). On the date of the accident, Bauer did not give Worcester permission to drive the car nor was Bauer aware that Worcester was driving the car on that date, prior to being contacted by police officers who informed Bauer that his car had been involved in an accident. (Bauer Affidavit, ¶¶ 5, 6; Sherman Deposition, p. 29, lines 19-23, p. 30, lines 1-23, p. 31, lines 14-18, 19-22, p. 32, lines 16-21, p. 34, lines 1-3).

Sherman alleges that, as a result of the accident, she sustained bruises and contusions to her ribs, chest, shoulder, and pelvis, that she is permanently injured, and that she suffered mental anguish and emotional distress. (Compl., ¶ 4). Plaintiff's Complaint asserts claims for conspiracy, misrepresentation, negligence, and wantonness against all Defendants and asserts a claim for negligent entrustment

---

[1] Brandy Johnson is a defendant in the above-styled action.

against Bauer and Johnson.

Bauer filed the instant motion seeking a final judgment in his favor as to all claims asserted against him; however, Bauer submitted a brief only as to Sherman's negligent entrustment claim. Nonetheless, the court has determined the merits of summary judgment as to all claims against Bauer.

## Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to *affirmatively* show the absence of any evidence in the record in support of a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the non-moving party's case. *Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer

rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The nonmovant has not opposed the motion for summary judgment in the instant action. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004), citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). See also *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.3d 1277, 1279 (5th Cir. 1985) ("a motion for summary judgment cannot be granted simply because there is no opposition ...."), citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). "[T]he district court's order granting summary judgment must 'indicate that the merits of the motion were addressed.'" *One Piece of Real Property*, 363 F.3d at 1102, quoting *Dunlap*, 858 F.2d at 632.

While this court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101. At the least, this court must consider all the evidence submitted by the

6

movant in support of its motion. *Id.*, citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("... the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.").[2]

The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this court may deny the motion, without regard to whether the nonmovant has filed a response. *Hibernia Nat'l Bank*, 776 F.3d at 1279, citing *John*, 757 F.2d at 708.

However, if the nonmovant has not supplied the court with a response to dispute any issue of fact, this court may receive the movant's factual account as "a prima facie showing of its entitlement to judgment." *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988), citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## Discussion

**I.     Conspiracy**

---

[2] This court reviewed all of the available evidentiary material in this case when analyzing the merits of the motion at bar.

Under Counts Two and Three of the Complaint, Sherman asserts that all of the Defendants conspired with one another collectively to commit each and every claim.

> In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. *See Ostrer v. Aronwald,* 567 F.2d 551 (2d Cir.1977); *United States Ex Rel. Simmons v. Zibilich,* 542 F.2d 259 (5th Cir.1976). *See also Black v. United States,* 534 F.2d 524 (2d Cir.1976); *Fine v. City of New York,* 529 F.2d 70 (2d Cir.1975). A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.

*Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984).

There is no mention in the Complaint, beyond the conclusory and vague assertions that a conspiracy occurred, of any specific instances or facts such that the Defendants could be put on notice of the nature of the conspiracy alleged by Sherman. Following a careful review of the Complaint, the court is at a loss to find even a single specific allegation in support of Sherman's conspiracy claims. The instant action presents exactly the type of claims that lack specificity that are properly dismissed pursuant to *Fullman*. As such, Bauer's Motion for Summary Judgment as to the conspiracy claims contained within Count Two and Three is due to be **GRANTED**.

**II.     Misrepresentation**

In Count Three of the Complaint, Sherman asserts that "Defendants intentionally, wantonly[,] or negligently represented to Tracy Sherman that Mike Worcester has the permission of Chris Bauer ... to operate the motor vehicle involved in the automobile wreck of January 17, 2004." (Compl., ¶ 13).  Sherman avers that she relied on those representations to her detriment when she agreed to travel in Bauer's car on the date of the accident.  (Compl., ¶ 14).

Under Alabama law, to recover under a claim of misrepresentation, a plaintiff must show that a defendant made: "(1) a false representation; (2) concerning a material existing fact; (3) relied upon by the plaintiff; (4) who was damaged as a proximate result." *Fisher v. Comer Plantation, Inc*., 772 So.2d 455, 463 (Ala. 2000).

Under the first element of *Fisher*, for a claim of misrepresentation to survive summary judgment, there must be evidence that the defendant who is charged with the misrepresentation in fact made the false representation to the plaintiff.  Based on the undisputed evidence before the court, Bauer did not, at any time, represent to Sherman that Worcester had permission to operate the car.  (Sherman Depo., p. 31, lines 22-23, p. 32 lines 1-23, p. 33, lines 1-13).  Also, Sherman never heard Bauer give Worcester his permission to operate the car. (Sherman Depo., p.31, lines 19-22). As the record lacks any evidence to support Sherman's allegation that Bauer

9

represented to Sherman that Worcester had permission to operate the car, Sherman's claim of misrepresentation against Bauer cannot survive summary judgment. *See Eversley*, 843 F.2d at 174. Accordingly, Bauer's Motion for Summary Judgment as to Sherman's claim for misrepresentation (Count Three) is due to be **GRANTED**.

### III.   Negligent Entrustment

The Alabama Supreme Court "has adopted *Restatement (Second) of Torts* § 390 (1965) as the law of this State in cases involving negligent entrustment." *Edwards v. Valentine*, 926 So.2d 315, 319-320 (Ala. 2005) (citing *Keller v. Kiedinger,* 389 So.2d 129, 132 (Ala. 1980)). According to § 390, as quoted in *Edwards*,

> [o]ne who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

926 So.2d at 320. The elements of a cause of action for negligent entrustment are: "(1) an entrustment; (2) to an incompetent; (3) with knowledge that he [or she] is incompetent; (4) proximate cause; and (5) damages." *Pryor v. Brown & Root USA, Inc.*, 674 So.2d 45, 51 (Ala. 1995).

The Alabama Supreme Court has opined that,

> "In Alabama, when one person drives a car belonging to another, a rebuttable *presumption of entrustment, i.e.,* that the car was being operated by the driver with the permission of the owner, *arises* when ownership is established .... Thus, the owner of a vehicle is faced with a substantial burden in order to disprove an entrustment." Note, *Negligent Entrustment in Alabama,* 23 Ala. L.Rev. 733, 738 (Summer 1971) (emphasis added; footnote omitted); see also *Thompson v. Havard,* 285 Ala. 718, 721, 235 So.2d 853, 856 (1970). "Entrustment can include either (1) actual entrustment, (2) continuing consent to use the vehicle, or (3) leaving the vehicle available for use." Note, supra, at 738. A case of entrustment by "leaving the vehicle available" may occur, even though "the entrustor has not given ... permission [to use the vehicle on a particular occasion] *and may even have expressly refused it.*" *Id.* at 739 (emphasis added; footnote omitted). "In order to establish that there has been an entrustment by leaving the vehicle available, it must be shown that the entrustor knew or had reason to know that the particular incompetent involved in the accident was *likely to use the vehicle without authorization* and that the entrustor *failed to take reasonable precautions to prevent such unauthorized use.*" *Id.* (emphasis added; footnote omitted); see also *Redmond v. Self,* 265 Ala. 155, 90 So.2d 238 (1956); *Paschall v. Sharp,* 215 Ala. 304, 110 So. 387 (1926).

*Edwards v. Valentine*, 926 So.2d 315, 320-321 (Ala. 2005) (emphasis in original).

In the case at bar, Bauer concedes that he owned the car. As such, he faces a "substantial burden" to overcome the presumption of entrustment. *Id*. at 320. Although Bauer forbade Worcester, through a communication with Johnson, to operate the car, the refusal of permission alone does not negate entrustment. *See id.* To the contrary, Bauer loaned the car to his sister who made the car available for Worcester's use, and Bauer had actual knowledge that Worcester used the car prior

to the date of the accident. The undisputed evidence before the court is that Chavis saw Worcester driving the car prior to the date of the accident. However, Bauer does not argue nor does the record demonstrate that he took any action, beyond telling Johnson that Worcester was not permitted to drive the car, to prevent Worcester from using the car. Under these circumstances, the court finds that Bauer entrusted the vehicle to Worcester by leaving the vehicle available in that Bauer had knowledge that Worcester was using the car prior to the date of the accident and Bauer failed to take reasonable steps to prevent Worcester's unauthorized use. *See id.*

The court must now determine whether, on the date of the accident, Worcester was an incompetent driver. As to the issue of incompetence, "the plaintiff alleging negligent entrustment may show that the driver to whom the defendant entrusted the vehicle was unable or unlikely to have operated the motor vehicle with reasonable safety due to one of several characteristics or conditions, including general incompetence or habitual negligence. "*Edwards*, 926 So.2d at 321-322 (internal marks and citations omitted). Specifically, "proof may be established by evidence of previous acts of negligent or reckless driving, previous accidents, or previous acts of driving while intoxicated." *Id.* at 322 (internal emphasis and marks omitted). However, the Alabama Supreme Court recently held that, "In a case dealing with the alleged negligent entrustment of an automobile, in which the issue was whether the

12

entrusted driver was incompetent ... [n]egligence is not synonymous with incompetency. The most competent [driver] may be negligent." *Pritchett v. ICN Medical Alliance, Inc.*, 938 So.2d 933, 941 (Ala. 2006) (internal citations omitted). Sherman's negligence claim against Worcester, standing alone, does not establish incompetence.

Alabama courts look to the driver's record and driving history to determine incompetence. *See, e.g., Edwards*, 926 So.2d at 322 (driver who did not have a license, who had a history of accidents, and who was a habitual drunkard was incompetent); *Day v. Williams,* 670 So.2d 914, 916 (Ala. 1995) (entrustee's "competence as a driver does not hinge upon the existence or nonexistence of a driver's license in his name"); *Thedford v. Payne,* 813 So.2d 905 (Ala. Civ. App. 2001) (one prior accident, standing alone, is not substantial evidence of incompetence); *Pryor*, 674 So.2d at 52 (Ala. 1995) ("We conclude that [driver's] prior driving record-two speeding tickets and a suspended prosecution of a DUI charge over a 10-year period-is not sufficient to support a claim of negligent entrustment ..."). At summary judgment, a plaintiff must present substantial evidence that the driver was incompetent to overcome a defendant's prima facie showing that there is no genuine issue of material fact regarding the driver's incompetence. *See Pryor*, 674 So.2d at 52.

In the instant action, Sherman has not alleged that Worcester was incompetent nor has she provided any evidence or asserted any facts that Worcester is an incompetent driver. In support of the assertion that Worcester was not an incompetent driver, Bauer has provided Worcester's driver license abstract, issued by the Alabama Department of Public Safety on February 1, 2006. The abstract indicates that from February 1, 2003, until the date of the accident, on January 17, 2004, Worcester maintained a clean driving history. There is no other evidence before the court related to Worcester's driving history. In light of Sherman's failure to plead that Worcester was, on the date of the accident, an incompetent driver, Bauer's evidence of Worcester's clean driving record for the eleven months leading up to the accident, and Sherman's failure to put forth any evidence that would establish Worcester's incompetence, the court concludes that Bauer has sufficiently demonstrated a prima facie showing that there is no genuine issue of material fact regarding Sherman's negligent entrustment claim. *See Hibernia Nat'l Bank*, 776 F.3d at 1279; *Eversley*, 843 F.2d at 174. As such, Bauer's Motion for Summary judgment is due to be **GRANTED** as to Sherman's claim for negligent entrustment (Count Three).

**IV.   Negligence and Wantonness**

In Count One of the Complaint, Sherman avers that she was injured in a vehicle

negligently operated by Worcester, and that her injuries were the result of the negligent and wanton conduct of "Defendants." (Compl., ¶¶ 3, 4).

The negligence and wantonness claims in Count One of the Complaint, in a "shotgun" fashion, lump all Defendants into identical allegations of conclusory conduct. However, the factual averments of Count One deal only with Worcester's actual operation of the car related to the accident, which allegedly caused Sherman's complained-of injuries. Sherman has not alleged, nor is there any evidence in the record, that Bauer was operating the car or that he was in the car at the time of the accident. Bauer concedes that, at the time of the accident, he owned the car. (Bauer Aff., ¶ 2).

A plaintiff's cause of action for negligence, against the owner of an automobile, for injuries sustained due to the negligent operation of the automobile by one other than the owner is through a claim of negligent entrustment. *See, e.g., Beville v. Taylor*, 80 So. 370 (Ala. 1918) (owner's liability for negligence is linked to the negligent operation and incompetence of the driver); *Rush v. McDonnell*, 106 So. 175 (Ala. 1925); *Shipp v. Davis*, 141 So. 366 (Ala. App. 1932); *Redmond v. Self*, 90 So.2d 238 (Ala. 1956); *Ashbee v. Brock*, 510 So.2d 214 (Ala. 1987). The court finds that Sherman's claims against Bauer for negligence and wantonness are duplicative of Sherman's claim of negligent entrustment against Bauer; as such,

Bauer's Motion for Summary Judgment as to Sherman's claims for negligence and wantonness (Count One) is due to be **GRANTED**.

## Conclusion

A separate order will be entered consistent with this memorandum opinion.

**DONE** this 21st day of December, 2006.

　　　　　　　　　　　　　　　　　　　／s／ Virginia Emerson Hopkins
　　　　　　　　　　　　　　　　　　　**VIRGINIA EMERSON HOPKINS**
　　　　　　　　　　　　　　　　　　　United States District Judge